**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| EDWIN C. PARKER, ) | CIVIL ACTION NO. 9:11-0004-RBH-BM |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| M. M. MITCHELL, ) | |
| Warden, ) | |
| ) | |
| Respondent. ) | |

This Petition for a writ of habeas corpus was filed on January 3, 2011, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the federal prison in Edgefield, South Carolina (FCI Edgefield). Petitioner is challenging the calculation of his sentence, and asserts that he should have received a *nunc pro tunc* designation, with credit for the time when he was in state custody prior to April 14, 2008. See Complaint; see also Respondent's Exhibit C, ¶ 6.

Respondent filed a motion to dismiss, or in the alternative, for summary judgment, on May 20, 2011. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on May 24, 2011, advising Petitioner of the importance of a motion to dismiss and/or for summary judgment and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. On June 23, 2011, Petitioner responded to this motion by filing a motion to dismiss the case,



without prejudice, or in the alternative, to contact the sentencing court on its position on a retroactive sentence. The Respondent filed a memorandum in opposition to Petitioner's motion on July 11, 2011. This matter is now before the Court for disposition.[1]

Petitioner requests in his motion that either the Court or the Bureau of Prisons (BOP) contact the sentencing court concerning his sentence, or that the Court dismiss this Petition without prejudice (presumably so Petitioner can do so himself). This Court cannot act as a "go-between" for Petitioner and his sentencing court, but may only litigate the case before it as presented by the parties. That option is therefore foreclosed. As for dismissal without prejudice, Respondent opposes Petitioner's motion, arguing that the Petition should instead be denied on the merits. However, based upon a review of this file including the age of the case, the stage of the proceedings, and the nature of this claim, the undersigned concludes that Petitioner's motion to dismiss, without prejudice, should be granted. Petitioner is without counsel and has not filed a response to Respondent's motion. Petitioner should not be forced to litigate a claim at this time that he does not want to pursue, and should not be required to continue to try to litigate a claim he is not himself prepared to research and contest. Further, Respondent will suffer no prejudice from the granting of Petitioner's motion, while Petitioner is entitled to liberal treatment by this Court. Cruz v. Beto, 405 U.S. 319 (1972) [Pro se litigants should treated liberally by the courts].

## Conclusion

Based on the foregoing, it is recommended that the Petitioner's motion be **granted**,

---

[1] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. The parties have filed motions to dismiss and/or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



and that Petitioner's case be **dismissed, without prejudice.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

July 13, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

